UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JOHN-MICHAEL O. REARDON, Jr. )
)
v. ) NO. 2:04-CV-292
)
SULLIVAN COUNTY, TENNESSEE )
PRISON; MEDICAL STAFF; and )
MENTAL HEALTH STAFF )

### MEMORANDUM and ORDER

John-Michael O. Reardon, Jr. a prisoner in the Sullivan County Jail, brings this *pro se* civil rights complaint under 42 U.S.C. § 1983. The plaintiff's application to proceed *in forma pauperis* is **GRANTED.** However, since he is a prisoner, he is **ASSESSED** the full filing fee of one hundred, fifty dollars ($150.00).[1] 28 U.S.C. § 1914(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.1997).

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an

---

[1] On February 7, 2005, the filing fee was increased to $250. The plaintiff is being assessed the old filing fee since he filed this case before the fee-increase.

initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account;

    <u>or</u>

    (b)    twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $150.00 has been paid to the Clerk's Office.[2] *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The complaint contains the following allegations. The plaintiff has severe mental health problems, including paranoia, "psyczofriena" [schizophrenia?], and manic depression, which are being ignored at the jail. Since June of 2004, he has lost more than thirty pounds and nothing has been done about this either. He is

---

[2] Send the payments to:    Clerk's Office, USDC
    220 West Depot Street, Ste. 200
    Greeneville, TN 37743.

being denied housing in a 2-man cell, though the doctor requested that he be placed in such a cell "because of fear on [his] life." He has been given sleeping pills, but a Dr. Paul has informed "Nurse Barbara" that his weight loss was "nerve-related." Dr. Paul has made no adjustments to the plaintiff's diet or put him on medications to help stop the weight loss. The plaintiff has complained of severe headaches, double-vision, and though his blood pressure has been checked twice, the cause of the problem has yet to be determined. Moreover, they [presumably, Dr. Paul and Nurse Barbara] are not running current tests, but are relying on tests performed at the Holston Valley Hospital six weeks ago. Also, at times, the doctor refuses to see the plaintiff. The plaintiff has been told that he would not be given medications to help him sleep or treat his anxiety and depression.[3] The plaintiff would like to be placed in a mental institution, but these medical professionals, who are hired by the jail to do a job, are not doing their job.

The plaintiff requested that he be taken to see mental health professionals and given a psychological examination, the latter of which was also ordered by the state court. He was not taken for the mental evaluation on two occasions. He himself cannot obtain those evaluations because his bond is set at $10,750.00 and he lacks the financial resources to pay this sum and, therefore, must remain in jail. The test

---

[3] He also alleges, conversely, that he was given Trazadone for sleeping.

3

would show that the plaintiff has severe mental problems. The lack of a mental examination has caused delay in his criminal case and may present an obstacle to a plea bargain.

Prisoners at the jail are only fed twice a day on Friday, Saturday, Sunday and Monday and three times a day on Tuesday, Wednesday and Thursday.

To the extent that the plaintiff's medical claims are based on negligence, they do not state a claim for relief, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and are **DISMISSED**. If the allegations that the plaintiff has not been afforded psychological examinations relate only to his pending state criminal proceedings, the Court hereby abstains from ruling on those claims. *See Younger v. Harris*, 401 U.S. 37 (1971). They are **DISMISSED** without prejudice.

As to the remaining claims, however, a federal court which is presented with a prisoner's civil action first must determine whether the plaintiff has exhausted his administrative remedies by offering the correctional authorities an opportunity to address his complaints. *See* 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint, *see Northington v. DeForest*, 215 F.3d. 1327 ((Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown,* 139 F.3d at F.3d. 1102) and noting the lack

4

of documentation showing prisoner had exhausted his administrative remedies as to "*each* of the claims raised in his complaint")).

In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). It is the prisoner's burden to demonstrate that he has exhausted such remedies as to all claims arising from his confinement and a district court must enforce the exhaustion requirement *sua sponte*. *Brown,* 139 F.3d at 1104

The plaintiff asserts, in paragraph II of his complaint, that there is an institutional grievance procedure; that he filed a grievance; and that the response to his grievance was that he "was told they wouldn't do anything regarding [his] mental & medical health."

The plaintiff has not submitted copies of his grievance. More important, there is nothing in the pleading itself or in his other submissions to indicate that the plaintiff has exhausted his administrative remedies by presenting the facts underlying *each* of his § 1983 claims to the jail authorities.[4]

---

[4] The plaintiff has also submitted letters alleging several other conditions that purportedly violate the Eighth Amendment. These include contentions that hygiene products were not supplied for three weeks and a mop for ten days; that

5

The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). It has also held that every single claim must be exhausted through the grievance system and that the PLRA requires a complete dismissal of a prisoner's complaint when he alleges both exhausted and unexhausted claims. *Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005).

The plaintiff's allegations concerning the exhaustion issue contain no particularized averments to show that he has exhausted his administrative remedies as to *all* claims raised in his complaint. Accordingly, because the plaintiff has the burden of showing he has exhausted his administrative remedies with respect to the claims raised in his § 1983 complaint and because he has failed to carry his burden in this instance, this action will be **DISMISSED** without prejudice for failure to

---

the jail is overcrowded (three prisoners are housed in cells designed to hold two people); that violence pervades the jail (according to an article in a local newspaper); that a prisoner with active Hepatitis has been placed in the plaintiff's cell; that the plaintiff gets little opportunity to exercise; that he has been denied a television, though he is in isolation; that he has been denied the services of a crises intervener, despite the plaintiff's having attempted suicide several times in the past—once in the jail while under a 24-hour watch; that there is a staph infection abroad at the jail; and that prisoners are being mistreated and discriminated against, etc. There is no indication in any of the plaintiff's filings that these complaints have been offered through the grievance system either.

6

exhaust administrative remedies.

Finally, any pending motions are **DENIED** as moot.

ENTER:

                 s/Thomas Gray Hull
                 THOMAS GRAY HULL
                   SENIOR U. S. DISTRICT JUDGE